**FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

        HOWARD STOLL,

Chapter 7
Case No. 04-36572 (cgm)

              Debtor.
------------------------------------------------------------ x
THOMAS GENOVA, as Trustee for the
ESTATE OF HOWARD STOLL,

Adv. Pro. No. 05-9004

              Plaintiff,

      -against-

ESM REALTY TRUST, SFT REALTY TRUST,
ELLEN MILLER, KENNETH STOLL and
HOWARD STOLL,

              Defendants.
------------------------------------------------------------x

## MEMORANDUM DECISION GRANTING CHAPTER 7 TRUSTEE'S MOTION FOR SUMMARY JUDGMENT IN PART

**Cecelia G. Morris, U.S.B.J.:**

Summary judgment on the issue of whether the Debtor's interest in the trusts are

property of the bankruptcy estate is granted in favor of the Chapter 7 Trustee "the

"trustee"). The Court further finds that the beneficiaries of the trust should be treated as

joint tenants in common of the assets held by the Defendant Trusts, and disagrees with

Defendants' argument that the beneficiaries of the trust should be treated as partners for

purposes of 11 U.S.C. § 363(h). As more fully discussed below, beneficiaries of nominee

trusts governed by Massachusetts state law are treated as partners for purposes of

accountability for trust obligations because of the unique control the beneficiaries enjoy

1

over the actions of the trustees, but hold title to the *res* of a nominee trust as tenants in common. A fact issue remains as to whether the Trustee's sale of the Debtor's interest in the property would result in a greater benefit to the estate than detriment to the co-owners under the circumstances of this case, and the parties should therefore prepare for trial on this issue alone.

## JURISDICTION

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a) and the Standing Order of Reference signed by Acting Chief Judge Robert J. Ward dated July 10, 1984. Proceedings seeking turn over of property of the bankruptcy estate are "core proceedings" pursuant to 28 U.S.C. § 157(c)(2)(E).

## BACKGROUND FACTS[1]

Debtor filed the instant Chapter 7 bankruptcy case on July 1, 2004. Debtor is a one-third beneficiary of two trusts known as SFT Realty Trust and ESM Realty Trust (collectively, the "Trusts"). SFT owns property located at 3880 Lucerne Park Drive, Greenacres, Florida (Palm Beach County), and maintains a bank account with Fidelity Federal Bank and Trust of West Palm Beach Florida, bearing account number 00-179636-7 which had a balance of $2,816.10 as of the date of filing. ESM owns real property located at 1006 Paradise Road, Swampscott, Massachusetts (Essex County). This property was purchased for $157,000 in August 2001 and is free and clear of all liens. ESM maintains a bank account with Fidelity Federal Bank and Trust of West Palm Beach, Florida, bearing account number 00-179636-7, which had a balance of $53,828.83 as of the date of filing. In her Affidavit in Opposition to the Motion for Summary

---

[1] The facts set forth in this memorandum decision are derived from the parties' Joint Statement of Agreed Facts Pursuant to Local Bankruptcy Rule 7056-1(b), ECF Docket No. 10, unless otherwise indicated.

Judgment, ECF Docket No. 12, Ellen Miller, the trustee of the Trusts, acknowledges that all property held by the Trusts was purchased by Seymour and Marilyn Stoll (hereinafter the "Settlors"), and that all deposits in the trust bank accounts were made by the Settlors.

Kenneth Stoll and Ellen Miller are Debtor's siblings and each also holds a one-third interest in the Trusts. The Trusts were created on July 29, 1991 pursuant to the laws of Massachusetts.[2] As stated, Ellen Miller is the Trustee of the Trusts.[3] The three equal beneficiaries of the Trusts are Ellen Miller, Howard Stoll (Debtor) and Kenneth Stoll. The real property owned by the Trusts are free of encumbrances and leased back to the beneficiaries' parents for rent of $1.00 per year. The Rule 7056 statement indicates, and the parties' agree, that the Trusts may only be terminated on the consent of all three beneficiaries, submitted in writing to the Trustee Ellen Miller.

The instant adversary proceeding was filed on February 2, 2005. The Chapter 7 Trustee alleges in the Complaint that because the Trusts are nominee trusts under Massachusetts law and are therefore "pass through" entities, the assets are considered to be held by the beneficiaries as tenants in common, and thus, the Debtor is one-third owner of the Trusts' assets. The first cause of action asserted by the Trustee is for turnover of property of the bankruptcy estate pursuant to 11 U.S.C. § 542. The second cause of action seeks a sale of the Trusts' property pursuant to 11 U.S.C. § 363(h).

The Defendants maintain that the assets held by the Trust are not property of the bankruptcy estate. Furthermore, the Defendants contend that 11 U.S.C. § 363(h) is not

---

[2] The parties agree that Massachusetts law should be applied in determining whether the Debtor's interest in the Trusts are property of the bankruptcy estate.

[3] The Affidavit in Opposition filed by Ellen Miller, ECF Docket No. 12, contradicts the Rule 7056 Statement, by stating in paragraph 4 that Kenneth Stoll, Debtor and Ellen Miller are the Trustees of the SFT Realty Trust. Additionally, the Chapter 7 Trustee asserts on page 4 of his memorandum of law that Debtor is a "co-trustee" of the trusts. A review of the trust documents, however, reveals that Ellen Miller is in fact the sole trustee of both trusts.

the appropriate vehicle for sale of the Trusts' assets because the co-tenancy requirement of that section are not met in these circumstances, as beneficiaries of nominee trusts are considered to be partners and the trust is in fact a partnership.

The parties have filed this summary judgment motion seeking a determination as to whether Debtor's interest in the Trusts is 1) property of the bankruptcy estate and 2) whether the Chapter 7 Trustee can sell the property free and clear of the co-beneficiaries' interest pursuant to 11 U.S.C. § 363(h).

## DISCUSSION

### Standard on Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding through Bankruptcy Rule 7056, permits summary judgment to be granted to a moving party "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c), *Celotex v. Catrett*, 477 U.S. 317, 322; 106 S. Ct. 2548, 2552(1986). The movant must establish that no material issue of fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157. The parties do not dispute that the issue before the Court is purely legal and therefore ripe for summary judgment.

4

## Debtor's Interest in the Nominee Trusts as Property of the Bankruptcy Estate

### The Nature of Nominee Trusts

The first issue the Court must decide is whether the Debtor's interest in the trust is property of the bankruptcy estate.[4] In making this determination, it is necessary to examine the unique aspects of a nominee trust and to ascertain how, if at all, the nominee trust differs from the commonplace "express" trust. "An express trust creates two separate interests in the subject matter of the trust: a legal interest vested in the trustee and an equitable interest vested in the beneficiary…[d]uring the duration of a trust, neither the beneficiaries nor the trustee own the property. Rather, it is not until the legal and equitable interests merge in the beneficiaries that the beneficiaries acquire a full ownership interest in the property." 90 C.J.S. *Trusts* § 254 (2005). Nominee trusts differ from "true trusts" in that the beneficiary of a nominee trust has control of the trust property. *Id., see also* Birnbaum & Monahan, *The Nominee Trust in Massachusetts Real Estate Practice*, 60 Mass. L.Q. 364 (1976); *Vittands v. Sudduth*, 730 N.E.2d 325, 334 (Mass.App.Ct. 2000) (nominee trusts not a trust in the strict classical sense because of the trustee/beneficiary relationship). Nominee trusts "…are created for the purpose of holding legal title to property with the trustees having only perfunctory duties; upon the termination of the trust, the beneficiaries accede to title **as tenants in common** in proportion to their beneficial interest." *See In re Eastmare Dev. Corp.,* 150 B.R. 495, 498-9 (Bankr. D. Mass. 1993)(citations omitted)(emphasis supplied). There are three primary benefits to creating a nominee trust: (1) anonymity of ownership – because the schedule of beneficial ownership of the trust property is not recorded, "the true owners of

---

[4] 11 U.S.C. § 541(a)(1) states that property of the bankruptcy estate is comprised of "all legal or equitable interests of debtor in property as of the commencement of the case…"

the trust property are not apparent...”; (2) ease of title transferability – title to trust property may be transferred solely upon the trustee’s authorization, because the trustee acts only at the behest of the beneficiaries; and (3) avoidance of title transfers – trust property can be sold by assignment of the beneficiaries’ interest to the purchaser, who can then replace the trustee. Birnbaum, *supra*, at 365-6, *see also In re Heritage North Dunlap Trust*, 120 B.R. 252, 254 (Bankr. D. Mass. 1990). The nominee trust is a bare legal title-holder; trustees have no discretion in their management of trust property; control and management of trust property are specifically reserved to the beneficiaries. This relationship resembles agent/principal and not beneficiary/trustee, and for this reason “there is logic in treating them [the beneficiaries] as the true owners of the property for the purposes of liability as well as benefit.” Birnbaum, *supra*, at 367-8.

This instant case presents somewhat of a different question than that addressed previously by courts discussing nominee trust issues – can the creditors of the beneficiary reach the trust assets to satisfy the beneficiary’s, rather than the trusts, debts? Put another way, is a nominee trust’s beneficiary the “true owner” of the trust *res*? Almost all cases which discuss nominee trusts do so in the context of imposing liability for the trust on the beneficiary, and not vice versa.

It is the Defendants’ argument that the Trusts’ assets are not owned by the Debtor and therefore, are not property of the bankruptcy estate. Instead Defendants argue that the Trusts hold title to the property and Debtor has a mere beneficial interest. This argument assumes that a nominee trust is a “true trust” and ignores the key characteristic of the nominee trust – beneficiary control over trustee action with respect to the trust property. Under Massachusetts law, the nominee trust is a mere title-holder, subject

6

entirely to the beneficiaries' control. Birnbaum at 367. There is no need for the trustee to transfer interest in the trust to the beneficiary prior to the beneficiary taking title to the property, as required for a beneficiary to take title to property invested in an express trust, *see* 90 C.J.S. *Trusts* § 254 (2005). Rather, the Debtor beneficiary in this case need only obtain the permission of the other beneficiaries to sell trust property. In the bankruptcy context, however, the need for the co-beneficiaries consent would not defeat the bankruptcy trustee's sale pursuant to 11 U.S.C. § 363(h). Instead, the bankruptcy trustee stands in the shoes of the debtor as a co-tenant of the property. The bankruptcy trustee under similar circumstances may employ 11 U.S.C. § 363(h) to compel a recalcitrant co-owner to sell the real property as a beneficiary cotenant. The only potential stumbling block in this case to the bankruptcy trustee's ability to sell is the existence of the nominee trust.

The issue of whether the Debtor's share of the trust assets is property of the estate, as opposed to Debtor's beneficial interest in the trust which holds the assets, has never been directly addressed by Massachusetts courts in this context, as far this Court has been able to discover - i.e. reaching the assets of the nominee trust to satisfy the obligations of the beneficiary that are not related to the *res* of the nominee trust. The Court therefore has sought guidance from Massachusetts case law that is not directly on point, which has proven to be difficult. The case cited by the bankruptcy trustee in support of his argument, *In re Landry*, 226 B.R. 507 (Bankr. D. Mass. 1998), is factually distinguishable on two grounds. First, the *Landry* case concerned a spendthrift provision contained in a trust instrument; whereas the parties agree herein that the Trusts at issue are nominee trusts with no mention of spendthrift provisions. Secondly, the Debtor is

7

neither trustee nor settlor of these Trusts, whereas the debtor in *Landry* was trustee,

settlor and beneficiary. Two other cases cited by the Trustee are also factually

distinguishable from the instant matter because Debtor is not the sole beneficiary of the

trusts with unfettered ability to revoke the trust (as was the case in *In re Marrama*, 316

B.R. 418 (1st Cir. B.A.P. 2004)(construing Maine law)), nor is Debtor a co-trustee with

complete control over the trust *res* (as in *In re Beatrice*, 296 B.R. 576 (1st Cir. BAP

2003)).

     The case most factually similar to the situation presented by this summary

judgment motion is *In re Rosencranz*, 193 B.R. 629 (Bankr. D. Mass. 1996). In that case,

the debtor was the one-third beneficiary of a nominee trust of which his mother was the

settlor. The issue considered by the *Rosencranz* court was whether the debtor omitted

assets that should have been included on his Schedules by failing to disclose his interest

in the nominee trust in his bankruptcy petition. In *Rosencranz*, the bankruptcy court was

considering, at least, the potential for satisfying a beneficiary's debts with nominee trust

property, as in the case at bar. *Rosencranz* examined Massachusetts state law regarding

nominee trusts and determined that Debtor's interest in the nominee trust could not be

valued at $0, as the real property that comprised the nominee trust's *res* was owned free

and clear of all liens. *Id.*, at 635. Furthermore, *Rosencranz* provided a detailed review of

the case law pertaining to nominee trusts, and seemed to assume, without deciding, that

the assets held by the nominee trust could be reached by creditors of the beneficiary's

bankruptcy estate, because the Court determined that debtor's interest in the nominee

trust should have been included on debtor's bankruptcy schedules. Specifically, the

*Rosencranz* court stated:

> "I conclude that *even if* none of these cases were applicable
> [referring to the bankruptcy court's survey of Massachusetts law
> pertaining to nominee trusts] and the Debtor's interest in the Trust could
> not be reached either outright or based upon partnership law, to the extent
> that the Trust is a nominee trust the Debtor holds *at least* a one-third
> beneficial interest. I also conclude that…the value of the Debtor's interest
> in the Trust must be worth more than zero."

*Id.* at 636 (emphasis supplied).

The Court finds this statement in *Rosencranz* significant; the bankruptcy court's use of the words "even if" implies that its review of the pertinent cases suggested that the debtor's interest in the trust assets *might* be reached outright. Although the *Rosencranz* court was struggling with unique factual circumstances and did not make the finding explicitly, the Court nevertheless finds the case instructive.[5] This Court must go one step further than the *Rosencranz* court and determine whether Debtor's interest in the Trusts can be reached outright and sold to benefit Debtor's creditors. The fact that the *Rosencranz* court determined not only that the debtor's interest in the nominee trust must be listed on his bankruptcy schedules, but also that the interest had value that must be assigned by debtor, provides this Court with further guidance. *See* Fed. R. Bankr. P. 1007(b), which states in pertinent part "…debtor…shall file schedules of assets and liabilities, a schedule of current income and expenditures, a schedule of executory contracts and unexpired leases, and a statement of financial affairs…." In *Rosencranz,* the failure to disclose the trust interest, among other misrepresentation and omissions, resulted in a finding that the debtor's Chapter 13 plan was not proposed in good faith. Clearly, the *Rosencranz* court considered the debtor's interest in the trust to be at least a

---

[5] The Court does not agree with the Defendants' characterization of the *Rosencranz* holding as making the determination that the trust *res* was not property of the bankruptcy estate – the bankruptcy court in *Rosencranz* did not decide this issue; rather, the *Rosencranz* court determined that an interest in a nominee trust should be included on a bankruptcy filing as a potential asset.

potential asset of the estate that had to be disclosed to creditors and determined that the interest should have been included on the debtor's Schedules.[6]

A further examination of the case law regarding nominee trusts also suggests to the Court that a Debtor's beneficial interest in a nominee trust constitutes ownership of trust assets, making them property of the bankruptcy estate to the extent of the debtor's interest therein. The Court *has* found cases in which the nominee trust form has been disregarded altogether in other contexts, *see Druker v. State Tax Comm'n*, 372 N.E.2d 208, 200-1 (Mass. 1978) (nominee trust form ignored for purposes of taxation where beneficiaries had complete and practical control over trust property; losses experienced by the trust could be deducted on beneficiary's tax returns) and for bankruptcy purposes the beneficiaries are to be viewed as owners of the trust property, *In re Grand Jury Subpoena*, 973 F.2d 45, 49 (1st Cir. 1992) ("Since the beneficiaries of the nominee trust have the exclusive power to direct the activities of the trustee, it makes sense to view the beneficiaries as the owners of the trust *res* and to look to their relationship to each other for bankruptcy purposes"). "The time is ripe to reach the...conclusion here in Massachusetts with respect to nominee trusts [that]...for purposes of section 541 of the Bankruptcy Code, the Debtor's estate includes equitable ownership of the nominee trust *res." See Eastmare, supra*, at 503. In the case of *In re Simon*, 179 B.R. 1, 5 (Bankr. D. Mass. 1995), a Debtor's beneficial interest in a nominee trust was included in the bankruptcy estate *to the extent of the percentage* of that interest. Other Massachusetts cases have indicated that for purposes of the liability of the trust, the beneficiaries are considered to be the true holders of the assets of the trust, and not merely holders of an

---

[6] There is separate adversary proceeding in this bankruptcy filing brought by a creditor seeking a denial of Debtor's discharge for failure to list his interest in the trust on his bankruptcy petition, *see Premier Capital, Inc. v. Howard Stoll*, Case No. 04-9121.

10

interest in the trust itself. *See Cerny v. Fineburg,* 1993 WL 818652 *2 (Mass. Super. Oct. 25, 1993) (beneficiary of trust is considered true owner of trust property for purposes of liability; when defendant became beneficiary of nominee trust, beneficiary essentially became true owner of trust and *"all of its assets."*)(emphasis supplied); *In re Lincoln North Assoc., L.P.,* 155 B.R. 804, 806 (Bankr. D. Mass. 1993) (debtor is deemed the beneficial owner of the trust property, not just the beneficial owner of debtor's interest in the trust); *Morrison v. Lennett,* 616 N.E.2d 92, 95 (Mass. 1993) (beneficiary of nominee trust can reasonably be regarded as true owner of real property). If the beneficiary holds equitable ownership to trust property, and also has the power to control the trustee's disposition of trust property, the equitable and legal ownership of the property is virtually merged in the beneficiaries. The trustee is nothing more than a bare legal title-holder, an agent, without any protected or protect-able interest in the trust *res.*

Turning to the facts of this case, the Debtor as beneficiary has one-third control over the *res* of the Trusts. The Trusts' assets cannot be sold or transferred without the consent of the other beneficiaries, but it bears noting that neither can the other beneficiaries dispose of trust properties without the Debtor's consent. Furthermore, Debtor's interest in the trust is freely alienable, i.e. may be transferred or assigned. *See* Article V of the respective trust documents, contained in the Designation of Relevant Documents, ECF Docket No. 12. It has already been established that pursuant to Massachusetts law, legal title to nominee trust property may be transferred by a mere assignment of the beneficiaries' interest in the trust. The bankruptcy trustee now stands in the shoes of the Debtor as beneficial owner of the Trusts *res.* As the purpose of a nominee trust is to give beneficiaries control over the *res* of the trust, and the Debtor as

11

beneficiary is permitted to freely transfer his interest in the trust, which would
accomplish a transfer of an interest in the real property held by the trust, and in light of
the case law that states that a partial interest in a nominee trust is property of the
bankruptcy estate, *see Eastmare* and *Simon, supra,* the Court determines that Debtor's
one-third, freely alienable interest in the two Trusts is property of the bankruptcy estate.
The Court's determination in this regard is further bolstered by the fact that
Massachusetts law permits the transfer of trust real property held by a nominee trust by
the assignment of a beneficiary's interest in the trust to the prospective purchaser without
nominee trustee consent.

The Court next considers the Chapter 7 Trustee's ability to reach the Trusts' *res*
pursuant to 11 U.S.C. § 363(h). Section 363(h) permits the sale of an undivided interest
in property held by tenants in common. Defendants have argued that even if the Debtor's
interest in the trusts is included in the bankruptcy estate, the Trustee cannot sell the
property held by the trust because the three beneficiaries hold the property as partners,
and not as tenants in common. According to the Defendants, partners do no qualify as
co-owners of a divided interest within the requirements of Section 363(h), and because
the Trusts' property is held by the beneficiaries as tenants as partners, Section 363(h)
cannot be employed to sell the Trusts' *res.* It may be true that if the beneficiaries' are
considered partners, the Trusts' property could not be sold by the bankruptcy trustee. *See
Goldberg v. South East Partners Corp. (In re Sturman),* 222 B.R. 694, 709 (Bankr.
S.D.N.Y. 1998) (the weight of authority holds that a sale of an interest held by tenants in
partnership is not authorized by Section 363(h)). The Defendants rely on *In re Medallion
Realty Trust,* 103 B.R. 8 (Bankr. D. Mass. 1989) for the proposition that beneficiaries of

12

a nomination trust are treated as partners and not tenants in common. What the *Medallion* court actually did, however, was examine the relationship of the beneficiaries as to each other in consideration of the circumstances of the nominee trust at issue. *Medallion* recognized that the relationship of the beneficiaries could be "as co-tenants, co-venturers or partners." As previously discussed, because nominee trust beneficiaries control the trust *res* and the trustee's actions, beneficiaries of a nominee trust are given distinctive treatment – partnership-like liability for the obligations of the trust itself incurred with respect to the trust property. *See Medallion, supra*, at 12. *See also* Birnbaum & Monahan, *supra,* at 365 ("The relationship created when legal title to property is held by one party for the benefit of another, but the control of the property remains in the beneficial owner, is one of principal-agent..."). However, it does not necessarily follow that because the nominee trust beneficiary is considered a partner for one purpose (i.e. liability or principal-like control over the trustee) the beneficiary is considered a partner for other purposes (i.e. determination of ownership of trust *res*). *See Vittands v. Sudduth*, 730 N.E.2d 325, 409 (Mass. App. Ct. 2000) (denying standing to trustee of a nominee trust standing to bring action on behalf of a trust beneficiary; although Massachusetts courts place emphasis on the partnership/agency relationship for the purpose of imposing direct liability on the beneficiaries, in other contexts the nominee trust is not treated as partnership/agency). The beneficiaries of a nominee trust are at times considered tenants in common, *see Eastmare, supra*, at 500. *See also*, Nancy B. Samiljan, DRAFTING WILLS AND TRUSTS IN MASSACHUSETTS, § 5.2.5 (Mass. CLE, Inc. 2004) ("If more than one person or entity owns a beneficial interest in a nominee trust, the beneficiaries are normally considered as tenants in common."). To clarify, when there are two or more

beneficiaries to a nominee trust, and depending on the intent in forming the trust (for

business purposes or otherwise[7]), the beneficiaries are considered tenants in common *vis

á vis* one another, while the beneficiaries' relationship with the trustee is that of

principal/agent, with the trust holding bare legal title to real property for the principals'

convenience, *see Eastmare, supra*, at 500.

     In determining the nature of the beneficiaries' relationship, i.e. partnership or

tenants in common, the Court examines the particular circumstances presented by these

Trusts. *See In re Village Green Realty Trust*, 113 B.R. 105, 113 (Bankr. D. Mass 1990)

(although a nominee trust creates an agency/principal relationship between trustee and

beneficiaries, the relationship that exists among beneficiaries is another question

altogether, and may be a partnership or a co-tenancy to be determined in light of the

circumstances presented), *see also In re Grand Jury Subpoena, supra*, at 50 (examining

circumstances of nominee trust to determine whether beneficiary's status was that of co-

tenant or sole proprietor). In the facts *sub judice*, the beneficiaries lease trust real

property to their parents, the Settlors, for $1 per year. This arrangement cannot be

considered to be "carrying on a business for profit," *see Medallion, supra,* at 12 (finding

that beneficiaries' agreement to share profits was indicative of a partnership relationship).

The Defendants maintain in their memorandum of law that the Trusts were established 13

years prior to the filing of this bankruptcy case as an estate-planning tool for the Settlors.

*See* Defendants' Memorandum of Law, at page 2. All of the property and funds

comprising the Trusts' assets were contributed by the Settlors, and not invested by the

---

[7] *Cf. In re Village Green Realty Trust*, 113 B.R. 105 (Bankr. D. Mass. 1990), holding that a trust created solely for the benefit of family members, not involving any business, is ineligible for bankruptcy protection. The trustee of a nominee trust holds property of the trust as agents for the beneficiaries' convenience. *See Sylvia v. Johnson*, 691 N.E.2d 608, 610 (Mass. App. Ct. 1998); *Apahouser Lock and Security Corp. v. Carvelli*, 528 N.E.2d 133, 135 (Mass. App. Ct. 1988).

beneficiaries. *See* Affidavit of Ellen Miller, ECF Docket No. 12, at ¶ 9 – 12. Thus it is

apparent that the Trusts do not conduct business for profit, and that the beneficiaries are

not business partners or co-venturers. Instead they appear to be co-owners of the Trusts'

property, possession of which is enjoyed by the beneficiaries' parents with the

beneficiaries' permission. Furthermore, Article VII, section 3 of the Trust documents,

states that upon termination of the trust, each beneficiary is to receive a distribution of the

trust *res* "according to their respective beneficial interests…" This distribution scheme

most closely resembles a tenancy in common. Also like a co-tenant, the Debtor may

transfer his interest in the Trusts without consent of his co-beneficiaries. These Trusts

were not formed for business purposes, but rather as a means for the Settlors to

surreptitiously[8] transfer their interest in their real property to the beneficiaries, their

children. The fact that the Settlors and the beneficiaries may have a tacit agreement that

the Trusts' assets would be enjoyed by the Settlors during their lifetime does not change

this analysis, as the Settlors have relinquished ownership and control over the Trusts'

assets to the beneficiaries. Significantly, if all three beneficiaries agreed, the Trusts'

assets could be sold or transferred immediately without the Settlors' consent.[9] The very

essence of 11 U.S.C. § 363(h), however, is to allow the sale of property owned in

common over the objection of the co-owners, if, among other requirements, the benefit to

the bankruptcy estate realized by the sale of the assets outweighs the detriment to the co-

owners. The fact that the co-owners must agree to the sale of the Trusts assets would not

---

[8] Nominee trusts are formed with the intent of allowing the true owners of trust property to remain anonymous, *see discussion infra.*
[9] *See* Article IV of the Trust documents: "The Trustees…acting alone shall have no power whatsoever to control, manage, dispose of, or deal in or with the trust property…except when as and in the manner and to the extent specifically directed in writing by the beneficiaries hereof, **being the owner or owners** for the time being of all of the beneficial interest hereunder…when, as and in the manner and to the extent so specifically directed, the Trustees…shall have full power and authority, at any time…(ii) to sell, assign, convey, transfer, exchange and otherwise deal with or dispose of trust property…" (emphasis supplied).

15

necessarily defeat the bankruptcy trustee's application to sell real property because their consent is not necessary, provided the other elements of 11 U.S.C. § 363(h) are met. The Court finds that the Debtor is a one-third owner of the Trusts' assets as a co-tenant in common with his siblings, and thus his share of the Trusts assets are property of the bankruptcy estate. The Court also finds that the bankruptcy trustee stands in the shoes of the Debtor and may employ § 363(h) to sell the property.

A question of fact still exists, however, as to whether a defense may be asserted pursuant to 11 U.S.C. § 363(h). The situation presented to the Court is unique; the beneficiaries' parents live in the property at issue and the detriment to the co-beneficiaries in displacing their elderly parents may outweigh the benefit to the estate; the Court cannot, as a matter of law, upon the current record, determine that the benefit to the estate of the sale of Debtor's interest and possible liquidation of the trust would outweigh the detriment to the co-tenants.

## CONCLUSION

This memorandum decision sets forth the Court's reasoning behind the Order Granting Summary Judgment in favor of the Chapter 7 Trustee, ECF Docket No. 15, from which appeal has been taken.

Dated: Poughkeepsie, New York
September 30, 2005

CECELIA G. MORRIS
CECELIA G. MORRIS, U.S.B.J.

16